AUSA:   Michael Martin          Telephone:  (313) 226-9670
AO 106 (Rev 04/10) Application for a Search Warrant   Special Agent:   Nicholas Mascorro, A.T.F.   Telephone:  (313) 549-6439

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>Two (2) Apple iphones<br>(more fully described below) | )<br>)<br>)<br>)<br>) |

Case No.   2:18-mc-51367
Judge: Murphy, Stephen J.
Filed: 09-25-2018

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See ATTACHMENT A.

located in the   Eastern   District of   Michigan   , there is now concealed *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(6) | False statements as to material fact to a federally licensed firearms dealer |
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |

The application is based on these facts:

See attached AFFIDAVIT.

☑ Continued on the attached sheet.

☑ Delayed notice   30   days (give exact ending date if more than 30 days:   ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Nicholas Mascorro, A.T.F.
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date:   September 25, 2018

City and state:  Detroit, Michigan

*Judge's signature*

Hon. Mona K. Majzoub   U. S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Nicholas Mascorro, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND BACKGROUND

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellular telephones described in Attachment A (hereinafter the "TARGET DEVICES"), and the extraction from that property of electronically stored information described in Attachment B.

2.     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been since March of 2016. I graduated from the Special Agent Basic Training Program at the ATF National Academy and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. I have conducted multiple investigations into the unlawful possession and use of firearms, the possession and distribution of controlled substances, and conspiracies associated with firearm and narcotic offenses.

3.     The facts contained in this affidavit come from my personal observations, my training and experience, my review of documents and statements, information obtained from other law enforcement officers and/or individuals with knowledge of this matter. This affidavit does not provide every detail I know regarding this investigation.

## THE DEVICES TO BE EXAMINED

4.     This affidavit is being submitted for the limited purpose of obtaining a warrant to search the TARGET DEVICES, known to be Olajuwon ISRAEL's  (XX-XX-1994) cellular telephones, as identified below and further described in Attachment A:

 a. One (1), Apple, iPhone currently in the possession of law enforcement, reference Detroit Police Department (DPD) case number 1808200430 property item number 13 and

 b. One (1), Apple, iPhone currently in the possession of law enforcement, reference DPD case number 1808200430 property item number 13.

5.     I am conducting an investigation into violations of 18 U.S.C. § 922(a)(6) (false statements as to a material fact to a federally licensed firearms dealer), 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 18 U.S.C. § 1028A (aggravated identity theft), and 18 U.S.C. § 1028

(fraud in connection with identification documents). Based on my investigation, there is probable cause to believe that evidence related to those offenses is located on the TARGET DEVICES.

6.     The applied-for warrant would authorize the forensic examination of the TARGET DEVICES to identify electronically stored data described in Attachment B.

## PROBABLE CAUSE

7.     On August 20, 2018, in the area of 2XXX2 Asbury Park, Detroit, Michigan, DPD officers made contact with multiple individuals standing on the street, near a silver 2018 Toyota Camry. At which time officers observed a bulge in ISRAEL's waist, ISRAEL then began to run from the officers, a shooting ensued. ISRAEL was then arrested, and transported to Sinai Grace Hospital. ISRAEL was wearing a white t-shirt and black pants at the time of the incident.

8.     Officers recovered a black Glock, Model: 27, .40 caliber, serial number: BGHN686 handgun (hereinafter the "SUBJECT FIREARM") near ISRAEL.

9.     Officers recovered the following from ISRAEL's pants pocket.

    a. Michigan Driver's License for Alexander Smith;

3

b.  Finch Jewelry Card for Alexander Smith;

c.  Care Card for Alexander Smith;

d.  Discover Card for Alexander Smith;

e.  Bank of America Card for Antonio Roberson;

f.  Saks Fifth Card for Brent Richardson;

g.  California Driver's License for Marcus Sanders;

h.  Virtual Wallet Debit Card for Antonio Roberson;

i.  California Driver's License for Antonio Roberson; and

j.  Capital One Platinum Card for Brent Richardson.

10.  Officers also recovered the TARGET DEVICES from ISRAEL's pants pocket.

11.  Shortly after ISRAEL arrived at Sinai Grace Hospital, a hospital security officer and a Michigan State Police officer observed Timarann JOHNSON (XX-XX-1988) in/around the emergency room. I reviewed surveillance camera footage, which revealed JOHNSON appeared to arrive in a silver/black Toyota Camry and arrived/entered the emergency room wearing green pants a black tank top and sandals. Photographs 11a-11c were obtained from the surveillance footage and photograph 11d is JOHNSON's State of Michigan photograph from September 6, 2017.

4



a.



b.



c.



d.

12.     ATF conducted a firearm trace of the SUBJECT FIREARM,

which revealed it to have been purchased by JOHNSON on August

20, 2018, from Action Impact 2XXX2 West 8 Mile Road, Southfield,

Michigan.

13.     On August 21, 2018, ATF Agents responded to Action Impact
and verified through ATF Form 4473 that JOHNSON certified she
was the actual buyer of the SUBJECT FIREARM.

14.     I reviewed still photographs from surveillance footage from
Action Impact around the time JOHNSON purchased the
SUBJECT FIREARM. JOHNSON arrived in what appears to be a
silver/black Toyota Camry and exited the front passenger seat
wearing green pants a black tank top and sandals. This vehicle was
driven by what appeared to be a black male wearing a white t-shirt
and dark colored pants.

15.     JOHNSON entered the store and completed the purchase of
the SUBJECT FIREARM. Photographs 15a-15c were obtained from
the surveillance footage and photograph 15d is JOHNSON's State
of Michigan photograph from September 6, 2017.

a. 



b.



c.



d.

16.    I reviewed ISRAEL's computerized criminal history, which revealed the following felony conviction:

    a.  A 2018 conviction for felony forgery government instrument, check, etc., in New Hampshire.

17.    On August 21, 2018, I called JOHNSON who agreed to meet with me at Sinai Grace Hospital. JOHNSON later told me she was busy, but inferred that she was still willing to meet. I subsequently attempted to call JOHNSON on multiple occasions, but these calls were blocked, ignored, not answered or hung up on.

18.    On August 22, 2018, I called JOHNSON who told me she was working at Target on 23 Mile Road and Gratiot Avenue and could meet me on her lunch break at 3:00 p.m. I subsequently attempted to call JOHNSON on multiple occasions, but these calls were

blocked, ignored, not answered or hung up on. I went to the Target on August 22, 2018, and searched the store for JOHNSON, but was unable to locate her. I spoke with a human resource manager at Target, who queried a company database and informed me that Target never employed JOHNSON at any of their stores.

19. On August 22, 2018, I obtained an arrest warrant for JOHNSON for violation of 18 U.S.C. § 922(a)(6) (false statements as to a material fact to a federally licensed firearms dealer). On August 23, 2018, ATF Agents located JOHNSON in a vehicle and arrested her. In an effort to gather JOHNSON's personal property, JOHNSON advised ATF Agents that her cellular telephone was in the front passenger seat of the vehicle, which was recovered by ATF Agents.

20. Based on my training, experience, discussions with confidential informants and cooperating defendants, and/or other law enforcement officers, I know that individuals who possess firearms often take pictures of themselves and others with firearms. These pictures are frequently stored on cellular telephones, computers, tablets, and other electronic storage devices. These pictures are also frequently stored and/or posted on

the public and private features of various social media platforms, to include Facebook, Twitter, and Instagram, among others.

21.     Based on my training, experience, discussions with confidential informants and cooperating defendants, and/or other law enforcement officers, I know that individuals involved in conspiracies to acquire/possess firearms utilize cellular telephones to communicate with co-conspirators by telephone, voicemail, text message or email.

22.     Based on my training, experience, discussions with confidential informants and cooperating defendants, and/or other law enforcement officers, I know that individuals involved in fraudulent activities utilize cellular telephones in furtherance of their scheme. I also know that iPhones like the TARGET DEVICES recovered from ISRAEL's pants pocket can be used to communicate, record and store various types of data, including images, video, text messages, voicemail messages, contacts and call history. I also know that iPhones are capable of accessing the internet, which can be used to conduct banking and credit card transactions.

## TECHNICAL TERMS

23.    Based on my training and experience, I use the following technical terms to convey the following meanings: wireless telephone—a wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also

include global positioning system ("GPS") technology for determining the location of the device.

24.     Based on my training, experience, and research, I know that the TARGET DEVICES have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

25.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

26.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the TARGET DEVICES were used, the purpose of

13

their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the TARGET DEVICES because:

- Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file);

- Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence;

- A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when;

- The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic

14

evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant; and

- In finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

27.     *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the TARGET DEVICES consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

28.     *Manner of execution*. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

29.     *Delayed notice*. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result. Providing immediate notice to the subscriber or user of the TARGET DEVICES would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2).

Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

30.     *Sealing of documents*.  I further respectfully request that the Court issue an order sealing, until further order of this Court, all papers submitted in support of this Application, including the Application, Affidavit, and Search Warrant, and the requisite inventory notice. Sealing is necessary because the items and information to be seized are relevant to an ongoing investigation and premature disclosure of the contents of this Affidavit and related documents may have a negative impact on this continuing investigation and may jeopardize its effectiveness.

## CONCLUSION

31.     Based on the evidence set forth in this affidavit, I believe that probable cause exists that violations of 18 U.S.C. § 922(a)(6) (false statements as to a material fact to a federally licensed firearms dealer), 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 18 U.S.C. § 1028A (aggravated identity theft), and 18 U.S.C. § 1028 (fraud in connection with identification documents), have occurred. I also have probable cause to believe that evidence of these crimes are located on the TARGET DEVICES, as further described in Attachment A. I therefore request the Court issue the proposed search warrant for the TARGET DEVICES and permit the seizure and search of the information described in Attachment B.

_____
Nicholas Mascorro
Special Agent, ATF

Sworn to before me and signed in my
Presence and/or by reliable electronic means

HON. MONA K. MAJZOUB
United States Magistrate Judge
DATE:     September 25, 2018

18

## ATTACHMENT A

The property to be searched is more fully described as:

Two (2) cellular telephones (the TARGET DEVICES) currently in the possession of law enforcement, logged under the same property item number.

- One (1), Apple, iPhone currently in the possession of law enforcement, reference DPD case number 1808200430 property item number 13 and

- One (1), Apple, iPhone currently in the possession of law enforcement, reference DPD case number 1808200430 property item number 13.

This warrant authorizes the forensic examination of the TARGET DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1.   The government is authorized to seize all information that constitutes fruits, evidence, or instrumentalities of violations of Title 18 U.S.C. § 922 (a)(6) (false statements as to a material fact to a federally licensed firearms dealer), 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 18 U.S.C. § 1028A (aggravated identity theft), and 18 U.S.C. § 1028 (fraud in connection with identification documents), involving JOHNSON and ISRAEL, and associates, including, but not limited to, information pertaining to the following matters:

   a.   The possession, sale, purchase or distribution of firearms, including sources of the firearms, dates, places, and amounts of specific transactions;

   b.   Firearm accessories, such as holsters, grips, sights, or ammunition;

   c.   Any "means of identification" as defined in Title 18, United States Code, Section 1028(d)(7), namely "any name or number that may be used alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or government issued driver's license or identification number, government passport number, employer or taxpayer identification number . . . unique electronic identification number, address or routing code;"

   d.   Information related to financial, banking or credit card transactions;

20

e.      Information related to the following individuals: Alexander Smith, Antonio Roberson, Brent Richardson, and Marcus Sanders;

f.      Any and all records showing ownership status of the TARGET DEVICES;

g.      Any information showing preparatory steps taken in furtherance of the crimes identified above, evidence of involvement in these crimes, or co-conspirators in these crimes;

h.      Information indicating how and when the TARGET DEVICES were accessed or used, to determine the chronological and geographic context of access, use, and events relating to the crimes under investigation;

i.      Any location information that helps reveal the whereabouts of such cellular phone and the person(s) in possession of the cellular phone;

j.      The identity of the person(s) who communicated with the TARGET DEVICES relating to the crimes identified above, including records that help reveal their whereabouts; and

k.      Information of user attribution showing who used or owned the TARGET DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of

the foregoing items of evidence in whatever form and by whatever

means they may have been created or stored, including photographic,

video, or any type of electronic coding, text or data.

AO 93 (Rev. 11/13) Search and Seizure Warrant   Special Agent:   Nicholas Mascorro, A.T.F.   Telephone:   (313) 202-3400

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Two (2) Apple iPhones<br>(more fully described below) | )<br>)<br>)<br>)<br>)<br>)    Case No.    **2:18-mc-51367**<br>**Judge: Murphy, Stephen J.**<br>**Filed: 09-25-2018** |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Michigan _____ .
*(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ October 9, 2018 _____ *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _the presiding United States Magistrate Judge on duty_ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☑ for _30_ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____ September 25, 2018   3:55 pm _____

*Judge's signature*

City and state:   Detroit, Michigan _____      Hon. Mona K. Majzoub      U. S. Magistrate Judge
                                                              *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*